IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDAL LEE,

        Plaintiff,                  No. CIV S-08-1909 FCD EFB

    vs.

CUSTOM BUILDERS, a California corporation; FRANK LATRONICO, individually and dba CUSTOM BUILDERS; DOES 1-50, inclusive,      ORDER TO SHOW CAUSE

        Defendants.

_____/

      On November 17, 2009, defendants filed a motion to compel plaintiff to produce verified answers to defendants' interrogatories and documents responsive to defendants' requests for production of documents, and a request for monetary sanctions under Federal Rule of Civil Procedure 37. Dckt. No. 14. Defendants argue that plaintiff has completely failed to respond to discovery requests which were served on plaintiff on April 15, 2009 and again on July 7, 2009. Dckt. No. 15 at 2. Defendants contend that they have heard nothing from plaintiff, despite their efforts to contact him via telephone, facsimile, and U.S. mail. *Id.* Defendants noticed the motion for hearing on January 6, 2010. Dckt. No. 14.

      Court records reflect that plaintiff has not filed a response to defendants' motion to compel. Eastern District of California Local Rule 251(e) governs defendants' motion since

1

defendants assert that plaintiff has completely and totally failed to respond to their discovery requests. Pursuant to Local Rule 251(e), plaintiff was required to "file a response [to defendants' motion] not later than seven (7) days before the hearing date," in this instance, by December 30, 2009.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Additionally, Federal Rule of Civil Procedure 37(a) authorizes an award of expenses to a party who prevails on a motion to compel, and Rule 37(d) authorizes sanctions, including dismissal of an action, when a party fails to serve answers to properly served interrogatories or requests for production of documents.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of January 6, 2010 on defendants' motion to compel is continued to February 3, 2010, at 10:00 a.m., before the undersigned.

2. Plaintiff shall show cause, in writing, no later than January 20, 2010, why sanctions should not be imposed for failure to timely file a response to defendants' motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than January 20, 2010.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in the granting of defendants' motion and/or the imposition of sanctions, including dismissal of this action.

5. Defendants may file a reply in support of the motion on or before January 27, 2010.

SO ORDERED.

DATED: December 31, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE